IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NOS.:
1:25-cv-00285-MR
1:25-cv-00310-MR
1:25-cv-00311-MR
1:25-cv-00313-MR
1:25-cv-00321-MR
1:25-cv-00322-MR
1:25-cv-00323-MR
1:25-cv-00324-MR
1:25-cv-00325-MR
1:25-cv-00326-MR

| | |
|---|---|
| IN RE HOLCOMB, | **MEMORANDUM OF DECISION AND ORDER ON INITIAL REVIEW** |

**THIS MATTER** is before the Court on review of the dockets in the above-referenced matters.

## I. BACKGROUND

The pro se Plaintiff, a pretrial detainee at the Transylvania County Detention Facility (the "Jail") in Brevard, North Carolina, has filed in this Court ten civil actions since August 27, 2025:

Holcomb v. Rodriguez, 1:25-cv-00285-MR (W.D.N.C.), Doc. 1;

Holcomb v. McCall, 1:25-cv-00310-MR (W.D.N.C.), Doc. 1;

Holcomb v. McCall, 1:25-cv-00311-MR (W.D.N.C.), Doc. 1;

Holcomb v. Transylvania County Sherrif's Office, 1:25-cv-00313 (W.D.N.C.), Doc. 1;

Holcomb v. Freeman, 1:25-cv-00321 (W.D.N.C.), Doc. 1;

Holcomb v. McCall, 1:25-cv-00322-MR (W.D.N.C.), Doc. 1

Holcomb v. McCall, 1:25-cv-00323-MR (W.D.N.C.), Doc. 1;

Holcomb v. Vacher, 1:25-cv-00324-MR (W.D.N.C.), Doc. 1;

Holcomb v. Transylvania County Sherrif's Office, 1:25-cv-00325-MR (W.D.N.C.), Doc. 1

Holcomb v. Transylvania County Detention Center 1:25-cv-00326-MR (W.D.N.C.), Doc. 1

These Complaints contain allegations of *inter alia* the thwarting of legal research regarding kosher meal standards; Plaintiff's bipolar crisis and his sister's involvement in and his knowledge of a "child porn ring" operating in Brevard, North Carolina; the medication schedule at the Jail and the conditions of Plaintiff's confinement due to bipolar incidents; Plaintiff's disciplinary charges and the related disciplinary hearing process; false imprisonment; denial of Plaintiff's "right to eat with the Gentiles;" denial of sufficient paper and interference with the legal process, and mail interference, all while at the Jail. [See id.]. In short, Plaintiff's Complaints are largely frivolous, meandering, and evince delusion.

2

Case 1:25-cv-00326-MR    Document 2    Filed 09/29/25    Page 2 of 8

Plaintiff has not paid the filing fee in any of the pending actions. In one case, Plaintiff filed an Application to Proceed in Forma Pauperis ("IFP") after the Clerk notified the Plaintiff that his Complaint was deficient for failing to either pay the filing fee or file an IFP application and ordered him to correct the deficiency. [No. 1:25-cv-285, Docs. 2, 3]. In three cases, Plaintiff has not yet responded to the Clerk's Orders to Cure Deficiency. [See No. 1:25-cv-310, Doc. 2; No. 1:25-cv-311, Doc. 2; No. 1:25-cv-313, Doc. 2]. In the remaining cases, the Court directed the Clerk not to issue deficiency orders because proceeding in forma pauperis is not an option, as discussed below.

## II. DISCUSSION

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the Prison Litigation Reform Act (PLRA) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020).

The Plaintiff has filed at least three prior civil actions that qualify as "strikes" under the PLRA, 28 U.S.C. § 1915(g). See Pitts v. South Carolina, 65 F.4th 141, 145 (4th Cir. 2023). These include:

> Holcomb v. Berger, No. 3:13-cv-00572-GCM (W.D.N.C.), Doc. 1 (dismissed for Plaintiff's failure to state a claim for relief);
>
> Holcomb v. Nissan North America, Inc., No. 1:14-cv-00039-MR-WCM (W.D.N.C.), Doc. 1 (dismissed for Plaintiff's failure to state a claim for relief);
>
> Holcomb v. Clerk of Court, W. Dist. of N.C., Asheville, No. 1:25-cv-00077-MR-WCM (W.D.N.C.), Doc. 1 (dismissed as frivolous);
>
> Holcomb v. Jackson, No. 1:25-cv-00079-MR-WCM (W.D.N.C.), Doc. 1 (dismissed as frivolous and for having no basis in fact or law);
>
> Holcomb v. Transylvania County, No. 1:25-cv-00080-MR-WCM (W.D.N.C.), Doc. 1 (dismissed as frivolous and for having no basis in fact or law).

The Plaintiff is, therefore, subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury, which he has not done. The Plaintiff, therefore, is directed to pay the full filing fee in the pending actions within 21 days of this Order. If Plaintiff fails to comply, these actions will be dismissed

without further notice pursuant to § 1915(g).  The Court will also vacate the pending Orders to Cure Deficiency.

## III. PREFILING REVIEW SYSTEM

In recently dismissing three of Plaintiff's previous actions, the Court admonished the Plaintiff that "future frivolous filings will result in the imposition of a pre-filing review system." [See No. 1:25-cv-80, Doc. 3 at 9]. Despite this warning, Plaintiff has persisted by the instant filings in filing frivolous matters that have unnecessarily consumed the Court's resources.

A pre-filing review system is not a sanction which is imposed lightly. The Court "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004) (internal quotation marks and citation omitted).  In determining whether to impose a limitation on a litigant's access to the courts, the following factors should be considered: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." Id. "Ultimately, the question

the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Vandyke v. Francis, No. 1:12-cv-128-RJC, 2012 WL 2576746, at *2 (W.D.N.C. July 3, 2012) (quoting Black v. New Jersey, No. 7:10-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011)).

Applying these factors to the present case, the Court concludes that the imposition of a pre-filing review is warranted. As noted above, the Plaintiff has filed ten Complaints in this Court in a very short time, in addition to the four Complaints dismissed in 2024 and earlier this year. The Complaints are largely frivolous and meandering and evince a complete lack of regard for the judicial system. Despite having been admonished of possible sanctions for filing frivolous actions, the Plaintiff persists in doing so. Plaintiff's filings are highly burdensome on the Court, having caused the Court to expend considerable time and resources in addressing them. In light of these circumstances, the Court concludes that the Plaintiff will continue his abusive behavior if he is not subjected to a pre-filing review system.

Before imposing a pre-filing limitation, the Court must offer a litigant the opportunity to explain why the Court should not impose such a pre-filing review system upon all future filings from him. See Vandyke, 2012 WL

2576746, at *3. In the event that the Plaintiff fails to articulate a reason why such a system should not be imposed, the Court will enter an Order directing that all documents submitted by the Plaintiff in the future will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation. See Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997). Such a review system "will allow Plaintiff to have access to the Courts for his legitimate concerns, but will prevent him from usurping the Court's resources with his baseless submissions." Id. at *3. Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

### III. CONCLUSION

In sum, the Plaintiff will be directed to pay the full filing fees in these actions, or they will be dismissed pursuant to 28 U.S.C. § 1915(g). The Court will order the Plaintiff to explain why a prefiling review system should not be imposed against him in accordance with the terms of this Order.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff is directed to pay the full filing fees for the pending actions within **twenty-one (21) days** of this Order.

Should the Plaintiff fail to comply, these actions will be dismissed without further notice pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Orders to Cure Deficiency [No. 1:25-cv-00310-MR, Doc. 2; No. 1:25-cv-00311-MR, Doc. 2; No. 1:25-cv-00313-MR, Doc. 2] shall be **VACATED**.

**IT IS FURTHER ORDERED** that within **fourteen (14) days** of the entry of this Order, the Plaintiff shall file a single document, not to exceed more than three (3) pages, succinctly explaining why he believes the Court should not impose the above-described pre-filing review system. **The Plaintiff is expressly warned that his failure to fully comply with this directive will result in the Court's imposition of the subject pre-filing review system.**

The Clerk is respectfully instructed to docket this Order in every case listed in the caption of this Order.

The Clerk is further instructed to add the pending actions to the Plaintiff's Filer Status Report in CM-ECF.

**IT IS SO ORDERED**.

Signed: September 26, 2025

Martin Reidinger
Chief United States District Judge